IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MANDRAIL JAMAR WOODBURY,   )
                           )
      Plaintiff,          )
                           )
v.                         )     1:24CV93
                           )
JUDGE MICHAEL, et al.,     )
                           )
      Defendant(s).       )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a federal prisoner convicted in this Court in case 1:17CR394-1 of being a felon in possession of a firearm, submitted a civil rights action pursuant to 42 U.S.C. § 1983. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1.     Plaintiff's claims are unclear in multiple ways. His Complaint uses legal terms such as false arrest, the Fourth Amendment (presumably of the United States Constitution), and fruit of the poisonous tree, but contains no facts related to his arrest or any search related to the arrest. Given that the arrest occurred in 2017, it appears that any claims related to the arrest would be barred by the three-year statute of limitations in any event. See Wilson v. Garcia, 471 U.S. 261, 276-80 (1985) (holding that, in section 1983 actions, state statute of limitations for personal injury applies); Brooks v. City of Winston Salem, 85 F.3d 178, 181 (4th Cir. 1996) (applying North Carolina's three-year statute of limitations for personal injuries to section 1983 actions); N.C. Gen. Stat § 1-52 (establishing three-year statute of limitations for personal injury). The Complaint also references the First and Eighth Amendments, but sets out no facts related to possible violations of those Amendments. In fact, the Complaint contains no substantive factual allegations at all related to three of the named Defendants, C. Hall, M. Odom, and Corporal Toby. Instead, the facts listed mainly accuse a state court judge and district attorney of mishandling a state criminal prosecution that was based on events related to

Plaintiff's federal prosecution. However, judges have absolute immunity for their judicial actions, Stump v. Sparkman, 435 U.S. 349 (1978), and prosecutors also have absolute immunity for their participation in the judicial process, Buckley v. Fitzsimmons, 509 U.S. 259 (1993). It is not clear how Plaintiff can raise a claim against these Defendants given their immunity. Plaintiff also seeks to have his federal charges dismissed or his sentence reduced. He cannot receive this relief in a lawsuit under § 1983. If he seeks to attack his federal conviction and sentence, he must do so in his federal criminal case by filing a motion under 28 U.S.C. § 2255. He must also receive permission to file such a Motion from the United States Court of Appeals for the Fourth Circuit because he previously filed such a motion in case 1:22CV293, which was denied by this Court. In any event, it is not clear how the outcome of state charges that were allegedly dismissed after Plaintiff's federal conviction could affect Plaintiff's federal case given that he pled guilty to possessing a handgun following a felony conviction and that his girlfriend testified at his sentencing that he mistook her for an intruder and shot her while he was high on cocaine. (1:17CR394, Docket Entry 39 at 12-13.) Nothing that occurred later regarding the state charges stemming from the shooting could change or affect this. Finally, Plaintiff asks that the Court call and interview him, but the Court does not conduct interviews. If Plaintiff can state viable claims for relief, he must do so and he must clearly set out the facts supporting those claims.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send

Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 7th day of February, 2024.

                                       /s/ L. Patrick Auld
                                          **L. Patrick Auld**
                                **United States Magistrate Judge**